UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| VELMA M. HILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19CV345 RLW |
| MEGAN J. BRENNAN, Postmaster General, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Consolidate. (ECF No. 10) Defendant moves the Court to consolidate this cause of action with another case Plaintiff has filed in this District, *Hill v. Brennan*, Case No. 4:19-cv-1315-JCH. For reasons that follow, the Court finds the cases should be consolidated under Rule 42 of the Federal Rules of Civil Procedure to avoid unnecessary costs and promote judicial efficiency.

Plaintiff filed her *pro se* Employment Discrimination Complaint in case number 4:19-cv-345-RLW on February 27, 2019 against Megan J. Brennan, the Postmaster General of the United States. (ECF No. 1) She brings claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* (*Id.* at ¶ 1) She also claims harassment. (*Id.*)

Specifically, Plaintiff claims between December 2012 and December 2013, while she was employed at the Chouteau Post Office, employees for the U.S. Postal Service ("USPS") discriminated against her because of her physical/mental disability, race, and age; harassed her; failed to accommodate her disability; subjected her to terms and conditions of employment

which were different from other similarly situated employees; retaliated against her; and created a hostile work environment. (*Id.* at ¶¶ 4-5, 10-12) She requests money damages and requests reassignment and relocation. (*Id.* at p. 7) Defendant filed an Answer, and the Court set the case for a Rule 16 conference. (ECF Nos. 8, 9) However, pursuant to Defendant's Motion to Consolidate, the Court canceled the Rule 16 conference pending disposition of the motion. (ECF No. 11)

On May 15, 2019, Plaintiff filed another *pro se* Employment Discrimination Complaint against Defendant Megan J. Brennan under the ADEA, ADA, Rehabilitation Act, and for harassment. *Hill v. Brennan*, Case No. 4:19-cv-1315-JCH (ECF No. 1 ¶ 1) Plaintiff claims while employed at the Gaffney Post Office in St. Louis, Missouri from October 2015 through February 2016, employees of the USPS discriminated against her because of her physical/mental disability, race, and age; harassed her; failed to accommodate her disability; subjected her to terms and conditions of employment which were different from other similarly situated employees; retaliated against her; and created a hostile work environment. (*Id.* at ¶¶ 4-5, 10-12) Plaintiff seeks monetary damages in her request for relief. (*Id.* at p. 7) On July 9, 2019, United States District Judge Jean C. Hamilton dismissed Plaintiff's ADA claim without prejudice and directed the Clerk of the Court to issue process as to the remaining claims. (ECF No. 4) Defendant filed her Answer on September 24, 2019. (ECF No. 10)

In her motion to consolidate, Defendant argues the Court should consolidate case number 4:19-cv-1315-JCH with the lower numbered case, 4:19-cv-345-RLW. Defendant asserts both of Plaintiff's Complaints include similar allegations against the same Defendant, Postmaster General Megan J. Brennan. Defendant acknowledges the allegedly discriminatory conduct

occurred at two different postal locations. However, she contends both Complaints center around common questions of law and fact pertaining to Plaintiff's employment with the USPS.

Under Rule 42 of the Federal Rules of Civil Procedure, consolidation of cases is proper "if actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law. . . . The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11 CV 44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (internal citation omitted). The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). However, consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Here, the Court finds consolidation of Plaintiff's causes of action is warranted. Plaintiff's Complaints are against the same Defendant, Megan J. Brennan, Postmaster General. Further, although the alleged discriminatory actions occurred at different post office locations and involved different employees, both Complaints involve common questions of law and fact. Plaintiff alleges USPS employees at the Chouteau Post Office and the Gaffney Post Office subjected her to discrimination, harassment, disparate treatment, and a hostile work environment. Specifically, Plaintiff claims employees at both locations retaliated against Plaintiff for prior EEO activity, called Plaintiff disparaging names and made hurtful statements about her, failed to accommodate her disability, and allowed other employees similarly situated to Plaintiff to take breaks and work 4-hour days, while Plaintiff had to clock in/out and work 8-hour days.

The Court finds each Complaint raises employment discrimination claims based on common questions of law and fact against the same Defendant. Therefore, consolidation would serve the interests of justice, avoid unnecessary costs, and promote judicial efficiency. *See Headrick v. Glass*, No. 4:18-CV-1683 CDP, 2019 WL 2437028, at *1 (E.D. Mo. June 11, 2019) (finding consolidation proper where each complaint alleged civil rights violations based on common questions of law and fact against the same or similar defendants); *Thompson v. Curators of Univ. of Missouri*, No. 4:09CV2083 FRB, 2010 WL 174318, at *1 (E.D. Mo. Jan. 15, 2010) (consolidating two similar employment discrimination actions against defendants where they involved common issues of law and fact). Because consolidation is justified, the cases will be consolidated into the lowest case number pursuant to Rule 4.03 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Postmaster General Megan J. Brennan's Motion to Consolidate (ECF No. 10) is **GRANTED**. The Clerk of the Court shall reassign *Velma M. Hill v. Megan J. Brennan*, No. 4:19-cv-1315-JCH to the undersigned for full disposition. The Clerk of the Court shall docket a copy of this Memorandum and Order in the action before Judge Hamilton.

The Court will set this case for a Rule 16 scheduling conference by separate Order.

Dated this 24th day of September, 2019.

                                                RONNIE L. WHITE
                                                **UNITED STATES DISTRICT JUDGE**