## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| VELMA HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 4:19-CV-345 RLW |
| ) | 4:19-CV-1315 RLW |
| ) | |
| LOUIS DEJOY, Postmaster General,[1] ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Velma Hill's pro se "Motion to Toll Pleading Deadline Due to Covid-19," which the Court construes as a motion for leave to amend the complaint or, in the alterative, for leave to file a new complaint. (4:19-CV-1315, ECF No. 28)

The above-captioned matter is a consolidation of two cases Plaintiff is bringing against the United States Postal Service ("USPS"). Plaintiff filed a pro se Employment Discrimination Complaint in case number 4:19-CV-345-RLW on February 27, 2019, alleging claims against USPS under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., and for and for harassment. The claims in 4:19-CV-345-RLW are based on alleged conduct occurring between December 2012 through December 2013, while Plaintiff was employed at the Chouteau Post Office. On May 15, 2019, Plaintiff filed another pro se Employment Discrimination Complaint, Case No.

---

[1] Louis DeJoy became the United States Postmaster General on June 16, 2020. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Louis DeJoy is substituted for Megan J. Brennan as the defendant in this case.

4:19-CV-1315-RLW, against USPS under the ADEA, ADA, Rehabilitation Act, and for harassment. Plaintiff claims in 4:19-CV-1315-RLW are based on alleged conduct occurring between October 2015 through February 2016, while Plaintiff was employed at the Gaffney Post Office.

In the motion at bar, Plaintiff asserts she has a more recent EEOC charge against the USPS, EEOC Case No. 560-2018-0031A, for which she received a Notice of Rights to Sue in January 2020. From the record it appears the most recent EEOC charge is based on alleged discriminatory conduct that took place at yet another post office branch. According Plaintiff, the ninety-day deadline to file suit on the new EEOC charge expired on or about April 6, 2020, and she asks that the Court toll the filing deadline for her to file a new complaint or to amend her existing complaint to add the allegations from the new EEOC charge. Defendant opposes the motion arguing that Plaintiff's request is untimely and contrary to authority on strict compliance with the 90-day filing deadline. Defendant also argues that plaintiff has proffered inadequate reasons in support of equitable tolling.

The Court will deny Plaintiff's motion for leave to file an amended complaint. First, Plaintiff failed to follow the procedural requirements for filing a motion for leave to file an amended complaint. Where party seeks leave to file an amended complaint, under Court's CM/ECF Procedures Manual, Section II.B, the party must attach the proposed amended complaint to the motion for leave. The Court will not grant leave to file an amended complaint until it has reviewed the document. Second, under the Case Management Order ("CMO") entered in this consolidated matter, the deadline to file an amended complaint has passed.[2] Where a party seeks leave to amend his or her complaint after the deadline in the CMO has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend, which Plaintiff has not done in her motion. Sherman v. Winco

---

[2] Under the CMO, all motions for amendment of the complaint were to be filed no later than December 13, 2019. (4:19-CV-345, ECF No. 17; 4:19-CV-1315; ECF No. 14).

2

Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The Court will deny Plaintiff's motion for leave to file an amended complaint without prejudice. Plaintiff may refile her motion for leave with the proposed amended complaint submitted as an attachment thereto, but the motion will not be granted unless plaintiff has demonstrated good cause for amendment. Id.

As for Plaintiff's alternative motion, that the Court toll the deadline for her to file a new complaint. Plaintiff is essentially asking the Court for an advisory opinion granting her permission to file a new complaint. The Court cannot preclude plaintiff from filing a new complaint. And as for the issues of timeliness and tolling, the Court finds the issues are not ripe for review.

Article III of the United States Constitution limits the federal courts to deciding "Cases" and "Controversies" and thus prohibits the courts from issuing advisory opinions. KCCP Tr. v. City of N. Kansas City, 432 F.3d 897, 899 (8th Cir. 2005). "One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts." Id. (internal quotations and citations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998). Plaintiff has not filed a complaint based on EEOC Case No. 560-2018-0031A, therefore, deciding whether the complaint is timely or whether tolling applies would be hypothetical. The issues of timeliness and tolling rest on a contingency in the future – the filing of the complaint. If and when Plaintiff does file a new complaint, the judge assigned to the case may take up the issues of timeliness and tolling of the statute of limitations. The undersigned declines to address issues that are not properly before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Velma Hill's pro se "Motion to Toll Pleading Deadline Due to Covid-19," which the Court construes as a motion for leave to amend the complaint or, in the alterative, for leave to file a new complaint is **DENIED, without prejudice,** as to Plaintiff's motion for leave to amend the complaint, and **DENED, as not ripe,** as to Plaintiff's motion for leave to file a new complaint.  (4:19-CV-1315, ECF No. 28)

**IT IS FURTHER ORDERED** that Louis DeJoy, United States Postmaster General, is substituted for Megan J. Brennan as the defendant in both 4:19-CV-345 RLW and 4:19-CV-1315 RLW.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of August, 2020.