# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| VELMA HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 4:19-CV-345 RLW |
| | ) | 4:19-CV-1315 RLW |
| | ) | |
| LOUIS DEJOY, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Velma Hill's Motion to Quash Deposition and Defendant's Motion for Contempt and to Compel Plaintiff's Compliance with Defendant's Subpoena. (ECF Nos. 40 and 42). For the reasons that follow, the Court will deny Plaintiff's Motion to Quash and Defendant's Motion for Contempt, but will amend the Case Management Order to allow Defendant to take Plaintiff's deposition and serve a subpoena *duces tecum.*

### **Background**

On October 30, 2020, defense counsel sent Plaintiff, who is proceeding pro se, an e-mail notifying her that he would like to take her deposition on the mornings of November 12 and 13, 2020. According to defense counsel, he had not received a reply from Plaintiff as of November 2, 2020, and, therefore, he served Plaintiff with a subpoena pursuant to Fed. R. Civ. P 45, compelling her to sit for deposition on November 12 and 13, 2020, and to produce documents.[1] Attached to the

---

[1] The subpoena provides: "You, or you representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing or sampling of the material: All documents in the custody and control of Plaintiff Velma M. Hill responsive to all of Defendant's requests for production dated March 31, 2020, and not already produced as

subpoena, which was served on November 3, 2020, was a Notice of Deposition and previously served document requests. (ECF. No. 41, Ex. 1 at 5-28).

On November 9, 2020, Plaintiff contacted defense counsel by e-mail asking him to postpone the deposition because she had not received documents from Defendant. (ECF No. 41, Ex. 4). Defense counsel responded that he did not intend to postpone the deposition for a number of reasons, including the fact that he had already provided her with over 4,000 pages of documents. Plaintiff responded to the email and reiterated that she would like to postpone the deposition, because she was waiting for additional documents from Defendant and needed more time to prepare.

## I. Motion to Quash

On November 10, 2020, Plaintiff filed a one-page Motion to Squash [sic] Deposition. (ECF No. 40). According to the motion, Defendant has not produced all the documents responsive to her discovery requests, and she needs time to review Defendant's responses and to prepare prior to her deposition. This is not an adequate reason to quash a deposition, particularly that of a party opponent. The case is governed by the Federal Rules of Civil Procedure, and more specifically, Rule 26(d)(3)(A) and (B), which state: "methods of discovery may be used in any sequence," and "discovery by one party does not require any other party to delay its discovery." Defendant is entitled to take Plaintiff's deposition, upon proper notice, without leave of Court. See Fed. R. Civ. P. 30(a)(1). The fact there may be outstanding discovery requests does not preclude Defendant from taking Plaintiff's deposition. Plaintiff's motion is denied.

---

a part of the sixty pages of documents Plaintiff tendered on or about July 19, 2020, to Defendants. See Defendant's request for production dated March 31, 2020, attached." (ECF No. 41, Ex. 1 at 1).

## II.     Motion for Contempt

Plaintiff failed to appear for deposition on either November 12 or 13, 2020, and she did not produce the documents requested in the subpoena.  Defendant now moves to hold Plaintiff in contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, which states: "The court for the district where compliance is required . . . may hold on contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  Defendant seeks two remedies for Plaintiff's contempt: (1) that the Court compel Plaintiff to respond to Defendant's subpoena *dues tecum* and to provide her documents responsive to Defendant's Mach 31, 2020 production requests within twenty (20) days of the Court's order; and (2) that the Court order Plaintiff to sit for deposition within forty-five (45) days of the Court's order.

Plaintiff responded to Defendant's motion and states that she did not appear for the deposition because: (1) defense counsel never conferred with her on setting up an agreeable time; (2) she needed Defendant's complete discovery responses and documents prior to the deposition; and (3) she had filed a motion to quash the deposition.

At the outset, the Court notes that Defendant should not have subpoenaed Plaintiff for deposition or production of documents under Fed. R. Civ. P. 45.  Rule 45 is used for third parties, not a party to the suit. "[A] subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information." § 2452 Relation of Rule 45 to the Discovery Rules, 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed.).  As stated above, Defendant is entitled to take Plaintiff's deposition, with proper notice and without leave of Court, under Fed. R. Civ. P 30(a)(1).  As for the production of documents, Defendant should have served a subpoena *duces tecum* pursuant to Fed. R. Civ. P. 30(b)(2).  The Court, therefore, will not grant Defendant's motion for contempt pursuant to Rule 45(g).

That being said, Plaintiff was served with a Notice of Deposition, and under Fed. R. Civ. P. 37, the Court may order sanctions if a party fails to appear for deposition after being served with proper notice. Despite Plaintiff's assertion to the contrary, defense counsel did notify Plaintiff of his intent to take her deposition on November 12 and 13, 2020. Also, the filing of a motion to quash does not automatically stay a deposition. "The mere act of filing a motion ... does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance." Barnes v. Madison, 79 Fed. Appx. 691, 707 (5th Cir. 2003). See also Stephen L. LaFrance Holdings, Inc. v. Sorensen, 278 F.R.D. 429, 438 (E.D. Ark. 2011). Although Plaintiff had filed a motion to quash the deposition, the Court had not ruled on the motion, and if properly noticed, Plaintiff was obligated to sit for deposition, despite her pending motion.

As Plaintiff is not a third party to this suit, the Court will not hold her in contempt pursuant to Rule 45(g). The Court also declines to issue sanctions pursuant to Rule 37 at this time. The Court will, however, extend the discovery deadline by thirty (30) days to allow Defendant to take Plaintiff's deposition and to serve a subpoena *duces tecum* pursuant to Fed. R. Civ. P 30. Plaintiff is warned that she must comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules. If, upon proper notice, Plaintiff fails to sit for deposition, the Court may sanction Plaintiff by ordering her to pay expenses, including attorney's fees, or dismissing her case. See Fed. R. Civ. P. 37(d)(3).

Finally, in their motions and supporting memoranda, both sides complain about outstanding discovery requests. However, as neither side filed a proper motion to compel written discovery, the Court will not address the dispute over written discovery requests.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Deposition **is DENIED.** (ECF No. 40).

**IT IS FURTHER ORDERED** that Defendant's motion for Contempt and to Compel Plaintiff's Compliance with Defendant's Subpoena is **DENIED.** (ECF No. 42).

**IT IS FURTHER ORDERED** that consistent with the terms of this Memorandum and Order, the Court will amend the Case Management Order in this case to allow Defendant to take Plaintiff's deposition and to serve a subpoena *duces tecum*.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of December, 2020.