**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| VELMA M. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 4:19-CV-345 RLW |
| ) | 4:19-CV-1315 RLW |
| LOUIS DEJOY, ) | |
| Postmaster General, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Velma M. Hill's Motion for a New Trial, which the Court construes as a motion to alter or amend the judgment. (4:19-CV-345, ECF No. 78; 4:19-CV-1315, ECF No. 52). Plaintiff, who is proceeding pro se, requests that the Court set aside the judgments in these two consolidated cases and allow her to submit exhibits in opposition to Defendant's motion for summary judgment, which the Court granted. Defendant opposes Plaintiff's motion. Plaintiff did not file a reply memorandum, and the time to do so has expired. Therefore, the motion is ripe for review. For the reasons that follow, Plaintiff's motion is denied.

### *Discussion*

The above-captioned matter is a consolidation of two employment discrimination cases Plaintiff brought against the United States Postal Service ("USPS"), Case Nos. 4:19-CV-345 RLW and 4:19-CV-1315 RLW. On February 8, 2021, USPS moved for summary judgment, arguing it was entitled to judgment as a matter of law in both cases. The parties filed extensive briefs and exhibits in support of and in opposition to the motion, and on September 30, 2021, the Court granted USPS's motion for summary judgment and entered judgment against Plaintiff in both cases.

In the motion presently before the Court, which is titled a motion for new trial, Plaintiff moves that the Court reverse the entry of summary judgment. Plaintiff asks that the Court review exhibits, which she failed to submit in response to USPS's motion to summary judgment, and reconsider its ruling. In support of her motion, Plaintiff states that when she initially filed her response to USPS's motion for summary judgment, she did so electronically because there were restrictions in place due to COVID-19. Plaintiff asserts that unbeknownst to her, not all of the exhibits to her response memorandum were received. She later learned of the error and filed a "Motion to Correct Record Concerning Summary Judgment," in which she sought leave to add the exhibits that she did not file with her memorandum in opposition to summary judgment. Plaintiff, however, did not attach any exhibits to her motion for leave to file the exhibits, and the motion was denied. Plaintiff is now asking the Court to set aside the judgments entered in these cases. She asserts that she should be allowed to submit her exhibits so that the Court can have all the evidence before it and properly review USPS's motion for summary judgment.

When a motion to reconsider is made in response to a final order, such as an order granting summary judgment, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). "Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)). Motions pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted).

Plaintiff's motion does not provide adequate grounds for relief from the judgments. Plaintiff does not argue there was a manifest error of law or fact.  Furthermore, Plaintiff's motion is not based on newly discovered evidence.  Plaintiff does ask the Court to reconsider its ruling on summary judgment based on evidence that was not in the record at the time.  But in order to be entitled to relief based on newly discovered evidence, a plaintiff must show: "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." Ryan, 889 F.3d at 508 (citing Miller v. Baker Implement Co., 439 F.3d 407, 414 (8th Cir. 2006)).  See also Briscoe v. Cnty. of St. Louis, Missouri, 690 F.3d 1004, 1015–16 (8th Cir. 2012) (applying same standard).

Here, Plaintiff admits in her motion that she had the evidence before she responded to USPS's motion for summary judgment.  That alone would warrant the denial of her motion.  See U.S. W. Fin. Servs., Inc. v. Buhler, Inc., 150 F.3d 929, 935 (8th Cir. 1998) (district court did not abuse its discretion in denying Rule 59(e) motion where the party admitted that the evidence was available before the entry of judgment).  But the Court also finds Plaintiff has not exercised due diligence in bringing the evidence before the Court.  When Plaintiff learned that the exhibits were not attached to her response to USPS's motion for summary judgment, she filed a motion for leave to correct her error.  However, Plaintiff never provided the Court with the exhibits.  Plaintiff did not attach them to her "Motion to Correct Record Concerning Summary Judgment" or the motion presently at bar.  She did not mail them to the Court, place them in the Court's drop-box, or hand-

3

deliver them to the Clerk's Office.[1]  Despite proceeding without the assistance of counsel, Plaintiff knows how to file exhibits with the Court, as she has done so in prior filings.  But in any event, Plaintiff's pro se status does not excuse her from complying with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of this Court.  Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).  See also McNeil v. United States, 508 U.S. 106, 113 (1993). ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Finally, Plaintiff is not entitled to the relief she seeks because she has not shown how the outcome would have been different had the Court had the exhibits when it decided USPS's motion for summary judgment.  The Court denied Plaintiff's Motion to Correct Record Concerning Summary Judgment because the exhibits were not attached to the motion, but the Court also found "there is nothing in Plaintiff's motion to suggest Plaintiff's exhibits would change the Court's ruling on summary judgment."  (ECF No. 76 at 1 n.1).  In ruling on Defendant's motion for summary judgment, the Court carefully considered all of Plaintiff's arguments.  The Court outlined the basis for its summary judgment ruling in a detailed, 46-page Memorandum and Order.  (ECF No. 76).  In her current motion, Plaintiff does not explain how the outcome of summary judgment would have been different had the Court had access to the exhibits.  She points to no findings of fact or conclusions of law that were wrongly decided.  Moreover, the Court still does not have access to the exhibits, as they were not attached to her motion.  The Court finds Plaintiff has not shown that evidence in the exhibits is "material and not merely cumulative or impeaching" or that it would "probably produce a different result."  Ryan, 889 F.3d at 508.

---

[1]Public entry to all federal courthouses in the Eastern District of Missouri was opened on March 15, 2021.  See https://www.moed.uscourts.gov/sites/moed/files/documents/administrative-orders/arod-0050.pdf

In sum, Plaintiff has not provided a valid reason as to why the Court should grant her motion and reconsider its ruling on summary judgment. See Garner v. Arvin Indus. Inc., 77 F.3d 255, 258–59 (8th Cir. 1996) (rejecting Rule 59(e) motion where plaintiff sought to admit evidence she could have presented with her summary judgment motion); Davidson & Schaaff, Inc. v. Liberty Nat. Fire Ins. Co., 69 F.3d 868, 871 (8th Cir. 1995) (finding no abuse of discretion in denying Rule 59(e) motion where the movant did not provide a valid reason for failing to submit supporting affidavits with summary judgment motion).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Velma M. Hill's Motion for New Trial, which the Court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), is **DENIED**.  (4:19-CV-345, ECF No. 78; 4:19-CV-1315, ECF No. 52)

                                                                         *Ronnie L. White*
                                                              **RONNIE L. WHITE**
                                                              **UNITED STATES DISTRICT JUDGE**

Dated this   2nd     day of June, 2022.